# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CORKY TERRY, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 18-cv-1711-NJR |
| JACQUELINE LASHBROOK, and KEVIN W. KINK, | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Corky Terry, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Lawrence Correctional Center ("Lawrence"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff initially filed a First Amendment Complaint (Doc. 15) alleging claims against various individuals at Vandalia, Menard, Pontiac, and Lawrence Correctional Centers. The Court dismissed and/or severed a number of Plaintiff's claims, leaving a single count against Defendants Jacqueline Lashbrook and Kevin W. Kink for retaliating against Plaintiff in response to Plaintiff's October 18, 2016 grievance (Count 5). That claim, however, was dismissed without prejudice for failure to state a claim, and Plaintiff was given leave to amend. (Doc. 16, p. 8).

This matter is now before the Court on Plaintiff's Second Amended Complaint. (Doc. 17). In the Second Amended Complaint, Plaintiff alleges Defendants Jacqueline Lashbrook and Kevin W. Kink retaliated against Plaintiff for filing a grievance on October 18, 2016, by having

disciplinary reports written against him. He asserts claims against the defendants under the First Amendment.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## **The Complaint**

In his Second Amended Complaint (Doc. 17), Plaintiff makes the following allegations: While at Pontiac Correctional Center ("Pontiac"), Plaintiff wrote a grievance on October 18, 2016 complaining about various disciplinary reports that he received while at Pontiac. (Doc. 17, pp. 6, 8, 14-23). The grievance was denied because it was not a grievable issue. (*Id.* at p. 8). Plaintiff transferred to Menard Correctional Center ("Menard") in December 2016. (*Id.* at p. 9). After his transfer, he received a number of investigative and disciplinary reports. (*Id.*). Lashbrook approved the discipline Plaintiff received as a result of the reports. (*Id.*). Plaintiff believes that Lashbrook had her employees write the disciplinary reports so that she could retaliate against Plaintiff for his October 18 grievance. (*Id.* at p. 8). Although Plaintiff requested a copy of his disciplinary card from his counselor and Lashbrook, both failed to respond to his request. (*Id.* at p. 9).

Plaintiff transferred to Lawrence on September 6, 2017. (Doc. 17, p. 10). At Lawrence, Plaintiff again received numerous disciplinary reports, and Kink approved of the discipline that he received. (*Id.*). He also sought a copy of his disciplinary card from his counselor and Kink, but his request went unanswered. Plaintiff believes that Kink, as the warden at Lawrence, also directed

his employees to write disciplinary reports against Plaintiff in retaliation for his October 18, 2016 grievance. (*Id*. at p. 8).

**Discussion**

Based on the allegations in the Second Amended Complaint, the Court finds it convenient to divide the *pro se* action into a single count:

> **Count 1:** Jacqueline Lashbrook and Kevin W. Kink issued disciplinary tickets against Plaintiff in retaliation for Plaintiff's October 18, 2016 grievance in violation of the First Amendment.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard**.[1]

Put simply, Plaintiff fails to state a claim against Jacqueline Lashbrook and Kevin W. Kink. In order to state a claim for retaliation under the First Amendment, a plaintiff must demonstrate that (1) he engaged in constitutionally protected speech, (2) he suffered a deprivation likely to deter protected speech; and (3) his protected speech was a motivating factor in the defendants' actions. *Antoine v. Ramos*, 497 F. App'x 631, 634 (7th Cir. 2012). The issue in a retaliation claim is whether the plaintiff experienced an adverse action that would deter a person of "ordinary firmness" from engaging in First Amendment activity in the future, and if the First Amendment activity was "at least a motivating factor" in the defendants' decision to take the retaliatory action. *See McKinley v. Schoenbeck*, 731 F. App'x 511, 515 (7th Cir. 2018) (quoting *Surita v. Hyde*, 665 F.3d 860, 878-79 (7th Cir. 2011)); *Bridges v. Gilbert*, 557 F.3d 541, 551 (7th Cir. 2009). "A

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

complaint states a claim for retaliation when it sets forth 'a chronology of events from which retaliation may plausibly be inferred.'" *Zimmerman v. Tribble*, 226 F.3d 568, 573 (7th Cir. 2000) (citation omitted).

Here, Plaintiff fails to allege that his grievance was a motivating factor in the discipline he received. Like Plaintiff's First Amended Complaint (Doc. 15), Plaintiff now fails to offer anything more than conclusory allegations of retaliation. He fails to allege that Lashbrook, the warden at Menard, or Kink, the warden at Lawrence, were aware of the October 18, 2016 grievance that he wrote at Pontiac. He likewise has not offered any factual allegations to demonstrate that Lashbrook and Kink directed their employees to write disciplinary reports against Plaintiff. Instead, Plaintiff offers mere conclusory statements that the disciplinary reports were written out of retaliation, which is not enough to state a claim. *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009) (A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Plaintiff fails to offer any facts tying the issuance of disciplinary tickets to either the Defendants or the alleged protected activity. As such, Plaintiff's Second Amended Complaint fails to state a claim upon which relief may be granted. This is Plaintiff's second attempt to provide the Court with factual allegations that would state a claim for retaliation, and he again fails to state a claim against Lashbrook and Kink. He offers little more than conclusory statements. The Court finds that any additional amendment would be futile. Accordingly, the Second Amended Complaint, along with this entire action, will be **DISMISSED with prejudice**. *See Agnew v. NCAA*, 683 F.3d 328, 347 (7th Cir. 2012); *McCree v. Gris*som, 657 F.3d 623, 624 (7th Cir. 2011); *Garcia v. City of Chicago, Ill.*, 24 F.3d 966, 970 (7th Cir. 1994).

### Disposition

Accordingly, Plaintiff's Second Amended Complaint is **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted. This shall count as a "strike" for purposes of 28 U.S.C. 1915(g).

If Plaintiff wishes to appeal this Order, he must file a notice of appeal with this Court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(1)(A). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* Fed. R. App. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. He must list each of the issues he intends to appeal in the notice of appeal and his motion for leave to appeal *in forma pauperis*. *See* Fed. R. App. P. 24(a)(1)(C). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. Fed. R. App. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk of Court is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: 3/26/2019**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**